## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### M. T. BURRUSS, ADM'R, ET AL., V. OCTAVIA NELSON'S EX'OR, ET AL.

#### January 19, 1922.

#### Absent, Burks and Saunders, JJ.

1.  WILLS—*Exercise of Power of Appointment by Will—Lapse by Death of Appointee.*—An appointment, under a power, made by will lapses by the appointee's death in the testator's lifetime.

2.  WILLS—*Promise to Devise—Specific Performance—Sufficiency of Evidence to Establish Parol Contract to Devise—Quantum Meruit—Case at Bar.*—In the instant case the bill alleged that an aunt had agreed with her nephew that if he would care for her and manage her estate in her declining years, she would, upon her death, leave him a certain farm. The prayer was that the contract should be established and that the nephew be decreed the owner of the farm, or in the alternative that fair and proper compensation for the services rendered by the nephew be ascertained and decreed.

    *Held:* That as the alleged contract to devise was by parol, its enforcement depended upon clear and convincing proof; and, that the evidence was not sufficient for the purpose of impressing a trust upon the estate which a court of equity would enforce by requiring a conveyance of the title, nor was it sufficient to warrant a decree for a recovery upon a *quantum meruit* basis.

Appeal from a decree of the Circuit Court of Orange county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Jas. C. Page* and *W. W. Butzner,* for the appellants.

*Browning & Browning* and *Shackelford & Robertson,* for the appellees.

2

KELLY, P., delivered the opinion of the court.

Robert P. Davis died in 1885, leaving a will the second clause of which was as follows:

"2nd: After the payment of my just debts and funeral expenses, I give to my beloved wife, Octavia Davis, all of my estate, both personal and real, for her sole use and benefit so long as she lives, and not to be subject to any debts, claims and demands of any future husband she may marry, and at her death to be disposed of as she may deem proper and best."

In *Davis* v. *Kendall*, 130 Va. 175, 107 S. E. 751, this court held that by the above language the testator gave to Octavia Davis only a life estate with a power of appointment as to the reversion.

On October 27, 1913, Octavia Davis, then Octavia Nelson, made a will of which the first and eleventh clauses were as follows:

"First: After the payment of all my just debts and funeral expenses, I give and devise unto my great nephew, Hugh G. Burruss, who has for many years resided with me, the tract of land on which I now reside, situated in the county of Orange, and known as "Linden." It being my intention by this devise to include all the land attached to the original tract owned by me, as well as any and all additions which have been purchased by me at any time during my occupancy at any time."

"Eleventh: For the purpose of carrying into effect the provisions of this will, my executor hereinafter named is vested with full power and authority to sell and real and personal estate of which I may die seized (save that devised under the first clause of this will to Hugh G. Burruss) and to convey the same in proper manner, and the purchasers thereof shall not be held liable to see the proper application of the purchase price of any real or personal property so sold."

In the year 1916 Mrs. Nelson added a codicil to this will which contained, among others, the following clauses:

"Second: Having by said will devised unto my great nephew, Hugh G. Burruss, the farm on which I reside, and known as "Linden," together with the other lands attached, I now give and devise unto the said Hugh G. Burruss, all the personal property of every description on or about the said farm, including all household and kitchen furniture, jewelry, furniture, fixtures, live·stock of every description, all crops growing or severed, all farming machinery and implements, and in general all and every article of personal property owned or used by me on or about the said farm, whether the same be herein particularly described or mentioned."

"Fifth: The rest and residue of my estate I give and devise unto my great nephew, Hugh G. Burruss."

Hugh G. Burruss died August 8, 1917, unmarried and without issue. Mrs. Nelson died February 16, 1918, and her will, with the codicil thereto, was duly admitted to probate.

[1] In *Davis* v. *Kendall, supra,* it was held that the power of appointment had not been exercised as to the property in question, and that the same therefore passed to the heirs of Robert P. Davis. This holding was clearly sound. The appointment lapsed upon the death of Hugh G. Burruss, Code sec. 5238; 2 Min. Inst., 4th Ed., 820; 2 Min. Real Prop. sec. 1333, p. 1485; 22 Am. & Eng. Enc., 2nd Ed., 1139; 21 R. C. L. p. 805, sec. 39; 31 Cyc. 1141.

The present suit was brought by M. T. Burruss, administrator of Hugh G. Burruss, and H. C. Burruss, his father, and sole heir and distributee. The decree complained of was rendered, and the appeal therefrom was allowed, before the case of *Davis* v. *Kendall, supra,* was heard and disposed of in this court. The bill alleged "that in the fall of 1896 the said Octavia Nelson agreed with the said Hugh G. Burruss that if he would care for her and manage her

estate in her declining years, she would, upon her death, leave, grant or devise unto him the aforesaid Linden farm, including the original purchase and all land thereto added by her subsequently to her husband's death"; that pursuant to this agreement, Hugh G. Burruss, then eighteen years of age, left his father's home, went to the Linden farm, "and remained there constantly, caring for the said Octavia Nelson, and solely managing her said estate from thence for a period of twenty-one years or thereabouts up to August 8, 1917, when he, the said Hugh G. Burruss, died, unmarried and without issue, leaving your orator's father, H. C. Burruss, his sole distributee and heir at law"; and that Hugh G. Burruss fully performed the agreement on his part except in so far as its further performance was prevented by his death.

The prayer of the bill, as amended, was as follows:

"That the will of the said Robert P. Davis may be construed and that the will of said Octavia Nelson may be construed; that the contract heretofore made and existing between the said Octavia Nelson and the said Hugh G. Burruss may be adjudicated, established and held firm and binding; that the said Hugh G. Burruss may be decreed to be the owner of the said Linden farm and the residuary legatee and devisee of the said Octavia Nelson; that if there be any defect in the attempted execution of the power conferred by the will of the said Robert P. Davis on the said Octavia Nelson, that a court of equity may aid said defective execution of such power so as to fully effectuate and carry out the aforesaid contract of the said Octavia Nelson with the said Hugh G. Burruss and to carry out her intention in regard thereto;

"And as an alternative prayer, your petitioners pray that if said affirmative relief above prayed for be not granted unto them, then they pray that an accounting may be had and ordered between the executor of the estate of the said Oc-

tavia Nelson and the personal representative of the said Hugh G. Burruss and that fair and proper compensation for the services rendered by the said Hugh G. Burruss during his lifetime may be ascertained, adjudged and decreed."

The decree appealed from, in so far as material here, was as follows:

"And the court being of opinion that the alleged verbal contract set up in the bill of Hugh G. Burruss' administrator is not established by such evidence as is required to make a case for the relief of specific performance prayed for in said bill; that the case is not one for the alternative relief on a *quantum meruit* basis for services performed as prayed for in the said bill, the court doth accordingly adjudge, order and decree the complainant's bill of complaint be and the same is hereby dismissed."

The petition for appeal insists that Mrs. Nelson acquired a fee simple estate under the will of her husband, and discusses the case first upon that theory. This discussion is eliminated from further consideration by the decision in *Davis* v. *Kendall, supra.* The alternative contention in the petition is that "if she did not own the fee simple, then the result would follow the same if she had only life estate with a power of disposal at her death."

Under this latter contention some interesting questions were presented in argument, including that as to the validity and effect of an executory contract by the donee of a power to execute it in favor of a particular person; but before any other questions become material it is necessary to determine whether the alleged contract was established by requisite proof. The lower court held that it was not so established, and in that conclusion we concur.

[2] The alleged contract was by parol. Its enforcement in equity depends upon clear and convincing proof.

In *Plunkett* v. *Bryan,* 101 Va. 814, 818, 45 S. E. 742, 744, Judge Harrison, speaking for this court, said: "The

principles upon which a court of equity will avoid the statute of frauds and enforce a parol agreement for the sale of land are well settled. They are briefly but clearly stated in *Wright* v. *Puckett, supra,* to be as follows: '1st. The parol agreement relied on must be certain and definite in its terms. 2nd. The acts proved in part performance must refer to, result from, or be made in pursuance of the agreement proved. 3rd. The agreement must have been so far executed that a refusal of full execution would operate a fraud upon the party, and place him in a situation which does not lie in compensation. These requisites must concur before a court of equity will decree specific execution.' The act or acts of part performance must be of such an unequivocal nature as of themselves to be evidence of the execution of an agreement. They must be such as could be done with no other view or design than to perform the agreement. They must unequivocally refer to and result from an agreement and be such as the party would not have done unless on account of that very agreement, and with a direct view to its performance. The act must be sufficient of itself, without any other information or evidence to satisfy the court from the circumstances it has created, and the relations it has formed, that they are only consistent with the assumption of the existence of a contract, the terms of which equity will enforce. Until acts are alleged which, of themselves, imply the existence of such a contract, parol evidence to show its terms is inadmissible. *Frome* v. *Dawson,* 14 Ves. 387; *Maddison* v. *Alderson* (House of Lords), 8 App. Cas. 467; *Phillips* v. *Thompson,* 1 Johns. Ch. 131; *Pierce* v. *Catron,* 23 Gratt. (64 Va.) 588; *Hale* v. *Hale, supra.*"

The evidence relied upon to support the alleged verbal agreement in this case does not measure up to the foregoing tests.

Hugh G. Burruss, of course, did not testify, and no wit-

ness can be said to have testified to the contract except as a matter of deduction and opinion based on unconvincing facts.

It was natural that Mrs. Nelson should have expected to do what she did in her will for Hugh G. Burruss, and she seems to have told him so.   She had no children, he was her great nephew, he had lived with her and had been useful to her for many years, and she was devoted to him.   But he had a good home with her, and she paid him at the rate of $150 a year in money.   His long stay there appears from the evidence to have been just as consistent with a mere hope and belief that he would eventually get the farm as with a definite contract to that effect.   The proof of the contract is not clear, and his acts and conduct were not such as to unequivocally refer to and result from such a contract.

To adequately state and analyze all of the testimony bearing on the existence of the alleged contract would greatly and needlessly prolong this opinion.   We have given the case thorough consideration, and are of opinion that the lower court reached the proper conclusion.   The evidence is not sufficient for the purpose of impressing a trust upon the estate which a court of equity should enforce by requiring a conveyance of the title, nor is it sufficient to warrant a decree for a recovery upon a *quantum meruit* basis.

The decree is affirmed.

*Affirmed.*